UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MATTHEW MCCOY,

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

               Respondent.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
No. 21-cr-276-CBA

**AMON, United States District Judge:**

Petitioner Matthew McCoy asks me to compel the Bureau of Prisons ("BOP") to apply credits he purportedly earned for completing First Step Act recidivism reduction programming. (ECF Docket Entry ("D.E.") # 58 ("Pet. Mot.") 3.) Although McCoy claims that jurisdiction to consider this petition arises under 18 U.S.C. § 3582(c)(1)(A) (Pet. Mot. 1), I find that it arises under 28 U.S.C. § 2241. A § 2241 petition must be brought in the district where the petitioner is incarcerated. McCoy is not incarcerated in the Eastern District of New York. Accordingly, I dismiss McCoy's petition.

## BACKGROUND

The First Step Act of 2018 established a scheme by which certain prisoners "who successfully complete[] evidence-based recidivism reduction programming or productive activities" may earn time credits against their sentences ("FSA credits"). 18 U.S.C. § 3632(d)(4). Once a prisoner earns "time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment," BOP places the prisoner in prerelease custody or supervised release. 18 U.S.C. § 3624(g)(1)(A).

On February 12, 2025, McCoy filed a "Motion for Relief under the First Step Act of 2018." (Pet. Mot. 1.) McCoy argued that he had properly exhausted administrative remedies and

"qualifies for relief under the provisions of the First Step Act, including eligibility for earned time credits." (Id.) He attached a copy of his administrative relief request, in which he informed BOP that he was "seeking application of [his] credits accumulated by participation in evidence-based recidivism programming and productive activities." (Id. 3.)

## DISCUSSION

### I.    McCoy's Petition Arises Under 28 U.S.C. § 2241

McCoy claims that I have "jurisdiction to consider this motion pursuant to 18 U.S.C. § 3582(c)(1)(A)." (Id. 1.) A court may grant a sentence reduction under § 3582(c)(1)(A) when "extraordinary and compelling reasons" and the 18 U.S.C. § 3553(a) sentencing factors support such a reduction.

In my last memorandum and order, I denied McCoy's § 3582(c)(1)(A) claim because McCoy "[did] not explain what extraordinary and compelling circumstances exist[ed] to reduce his federal sentence," nor did he "give[] me [any] reason" to believe that the § 3553(a) factors justified a sentence reduction. (D.E. # 57 ("M&O") 6.) McCoy addresses neither of these issues in the instant petition. A petition seeking to compel BOP to provide FSA credits is instead properly made under 28 U.S.C. § 2241, since a § 2241 petition "challenge[s] the execution of a sentence." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004); see, e.g., Lallave v. Martinez, 609 F. Supp. 3d 164, 182 (E.D.N.Y. 2022) (considering an FSA credits claim in adjudicating a § 2241 petition); Giovinco v. Pullen, No. 3:22-cv-1515 (VAB), 2023 WL 1928108 (D. Conn. Feb. 10, 2023) (same), aff'd, 118 F.4th 527 (2d Cir. 2024). Thus, given that "the submissions of a pro se litigant must be construed liberally," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), I construe McCoy's petition as arising under 28 U.S.C. § 2241.[1]

---

[1] I construe McCoy's petition as arising under § 2241 for the sole purpose of determining the propriety of jurisdiction. Had I reached the merits of McCoy's petition, I would have had to "give notice, and obtain consent, before construing

## II.    Jurisdiction Is Not Proper in This District

"The plain language" of § 2241 "confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); see Allen v. Lindsay, No. 09-CV-1283 (KAM), 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined.").

In his petition, McCoy says he is "currently incarcerated at FCI Allenwood" in Allenwood, Pennsylvania. (Pet. Mot. 1.) Allenwood is in Union County, which is in the Middle District of Pennsylvania. See Aguilar Estrada v. Warden of FCI-Allenwood Low, No. 1:24-cv-02223, 2025 WL 411671, at *1 (M.D. Pa. Jan. 21, 2025); 28 U.S.C. § 118(b). If McCoy seeks to challenge the application of FSA credits to his sentence, he should bring a § 2241 petition in that district.


## CONCLUSION

For these reasons, I DISMISS McCoy's petition without prejudice.


SO ORDERED.

Dated: March 31, 2025
       Brooklyn, New York

Carol Bagley Amon
United States District Judge

---

[his] filing as a § 2241 petition," since doing so might have prevented McCoy from raising future § 2241 petitions under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Simon v. United States, 359 F.3d 139, 145 (2d Cir. 2004). But since a dismissal of a § 2241 petition for lack of jurisdiction is without prejudice, see Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004), and dismissals without prejudice for "curable procedural defects" do not implicate AEDPA's second-or-successive petition bar, see Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004), I need not provide McCoy a Simon warning.